# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JACOB NEWLEN,

      Petitioner,

v.                                       Civil Action No. 5:13cv112
                                          Criminal Action No. 5:11cr24
                                          (Judge Stamp)

UNITED STATES OF AMERICA,

      Respondent.

## REPORT AND RECOMMENDATION

On August 20, 2013, the *pro se* petitioner, Jacob Newlen, an inmate incarcerated at FCI La Tuna, in Anthony, Texas, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Doc. 20). In addition, the petitioner filed a Memorandum of Authorities in support of his Motion. (Doc. 21). The petitioner alleges that his sentence is unconstitutional in light of the fairly recent Supreme Court decision in Alleyne v. United States, which held that "facts that increase mandatory minimum sentences must be submitted to the jury" and thus proven beyond a reasonable doubt. 133 S.Ct. 2151, 2164 (June 17, 2013). This matter, which is pending before the undersigned United States Magistrate Judge for initial review and Report and Recommendation pursuant to LR PL P 2, is ripe for review.

## I. Factual and Procedural History

### A. Petitioner's Conviction and Sentence

On July 5, 2011, the petitioner entered into a written plea agreement by which he agreed to plead guilty to a one-count Information charging him with conspiracy to distribute and possess with intent to distribute oxycodone, in violation of Title 21, United States Code, Section 846 and 841(b)(1)(C). (Doc. 7). On September 20 2011, the petitioner was sentenced to a term of 57 months

imprisonment to be followed by three years of supervised release.

**B. Appeal**

The petitioner did not file an appeal.

**C. Federal Habeas Corpus**

The petitioner asserts one ground for relief. Specifically, the petitioner contends that the due process clause and Sixth Amendment require a jury to determine beyond a reasonable doubt any element which raises the minimum period of incarceration and no determination was made in his case.

## II. Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.[1]

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[2] or

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997; Beard v. Pruett, 134 F.3d 615 (4th Cir.) cert. denied, 523 U.S. 371 (1998).

[2] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

> 4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). There are two recognized exceptions to this general rule which apply when a federal prisoner seeks direct review of his conviction or sentence. First, if following the disposition of his direct appeal, a federal prisoner files a petition for writ of certiorari with the United States Supreme Court, the conviction becomes final when the Supreme Court denies certiorari or issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is ninety days after entry of the judgment on direct appeal. See Clay v. United States, 537 U.S. 522, 532 (2003)

The undersigned recognizes that pursuant to United States v. Sosa, 364 F.3d 507 (4th Cir. 2004) and Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), notice must be given to the petitioner that the Court intends to dismiss the motion as being untimely unless the petitioner can demonstrate that the motion is timely. However, "Hill leaves open the possibility that district courts could dispense with notice if it is 'indisputably clear' that the motion is untimely and cannot be salvaged through tolling." Sosa, *supra* at 511. Here, because the petitioner has argued that his Motion is timely pursuant to Alleye, and said argument is without merit,[3] the undersigned has proceeded to

---

[3] Pursuant to his plea agreement and the entry of his plea, the petitioner waived his right to have a sentencing determination made by a jury, which is the focus of the Alleyne decision. Moreover, the Alleyne case has not been applied retroactively.

consider whether the motion is timely without providing the petitioner the opportunity to explain the timeliness of his petition further.

In the instant case, the §2255 motion is untimely under subsection 1. The petitioner was sentenced and judgment was entered on September 20, 2011. (Doc. 16). Because he did not pursue a direct appeal, his conviction became "final" pursuant to § 2255(f)(1) on October 4, 2011. See Fed. R. App. P. 4(b)(1)(A)(I) and 4(b)(6). See also Sanders, 247 F.3d at 142. Therefore, the petitioner had until October 4, 2012, to file his § 2255 motion, but his motion was not filed until August 20, 2013, more than ten months after the statute of limitations had already expired.

The petitioner does not allege the Government created an impediment to his filing a timely §2255 motion or that his motion is based on new facts; therefore, subsections 2 and 4 are not applicable to this case. However, the petitioner does alleges that his Motion to Vacate is timely under § 2255(f)(3), because it was filed within one year of the Alleyne decision which was decided on June 17, 2013.

The undersigned finds that 28 U.S.C. § 2255(f) subsection (3) does not apply because United States v. Alleyne is not retroactively applicable to cases on collateral review. 133 S.Ct. 2151 (2013). Pursuant to § 2255(f)(3), the limitation period for a petitioner to file their § 2255 motion is one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Alleyne held that "facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. at 2158. In the Alleyne opinion, the Supreme Court did not declare this new rule to be retroactive on collateral attack. 133 S.Ct. 2151 (2013); *see also* In re Kemper, 735 F.3d 211 (5th Cir. 2013); In re Payne, 733 F.3d 1027 (10th Cir. 2013) Simpson v. United States, No. 13-2373, 2013

4

WL 3455876, at *1 (7th Cir. July 10, 2013)( all finding that Alleyne does not apply retroactively). In addition to the Fifth, Seventh and Tenth Circuits, a number of district courts in this circuit and across the country have determined that *Alleyne* should not be applied retroactively for the purposes of collateral attack. *See e.g.,* Williams v. United States, No. 5:13-CV-00108, 2013 WL 4083274, at *2 (W.D.N.C. August 13, 2013); Smith v. Holland, No. 13-147-KKC, 2013 WL 4735583, at *4 (E.D.Ky. Sept. 3, 2013); Smith v. Federal Bureau of Prisons, No. 9:13–384–RMG, 2013 WL 833050 (D.S.C. July 23, 2013).

Additionally, Alleyne expanded upon the holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), which found that facts increasing the statutory **maximum** must be submitted to the jury and proved beyond a reasonable doubt. 530 U.S. at 490 (emphasis added). According to the Seventh Circuit, the "Justices have decided that other rules based on Apprendi do not apply retroactively on collateral review. This implies that the Court will not declare Alleyne to be retroactive." Simpson, 2013 WL 3455876, at *1 (*citing* Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519 (2004)).

This case differs from Alleyne in two ways. First, the petitioner voluntarily signed a plea agreement and had a plea hearing where he waived his right to have sentencing determinations made by a jury. In Alleyne, the defendant had actually been convicted at trial by a jury prior to being sentenced and made no such waiver. Alleyne, 133 S.Ct. at 2155-56. Second, there was no count of conviction in the petitioner's case that carried a "mandatory minimum sentence."

Thus, even if the petitioner were entitled to collateral review of his Alleyne claim, he waived the core right associated with Alleyne, that a jury make sentencing determinations beyond a reasonable doubt, by signing the plea agreement. In addition, his conviction did not carry a mandatory minimum sentence.

5

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion as untimely and **DISMISSING** the case with prejudice.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: April 3, 2014.

                                                    /s/ James E. Seibert
                                                  JAMES E. SEIBERT
                                                  UNITED STATES MAGISTRATE JUDGE